IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00303-CV

 

Lionheart Company, Inc.,

                                                                                    Appellant

 v.

 

PGS Onshore, Inc.,

                                                                                    Appellee

 

 

 



From the 87th District Court

Leon County, Texas

Trial Court No. 0-06-291

 



memorandum Opinion



 








            In this interlocutory appeal, Appellant
Lionheart Company, Inc. complains in two issues that the trial court abused its
discretion in granting a temporary injunction in favor of Appellee PGS Onshore,
Inc. and in denying Lionheart’s request for a temporary injunction.  We will
affirm.

            The standard of review in determining
whether the trial court erred in granting or denying a temporary injunction is
abuse of discretion.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  “A reviewing court should reverse an order granting injunctive relief only if
the trial court abused that discretion.  The reviewing court must not
substitute its judgment for the trial court’s judgment unless the trial court’s
action was so arbitrary that it exceeded the bounds of reasonable discretion.” 
 Id. (citations omitted).

A temporary injunction’s purpose is to preserve the
status quo of the litigation’s subject matter pending a trial on the merits.  A
temporary injunction is an extraordinary remedy and does not issue as a matter
of right.  To obtain a temporary injunction, the applicant must plead and prove
three specific elements:  (1) a cause of action against the defendant; (2) a
probable right to the relief sought; and (3) a probable, imminent, and
irreparable injury in the interim.  An injury is irreparable if the injured
party cannot be adequately compensated in damages or if the damages cannot be
measured by any certain pecuniary standard.

 

Id. (citations omitted).

 

            Lionheart is a Texas corporation that
owns an approximately 2,700-acre tract of land in Leon and Robertson counties
known as Castlemane Farms, a sanctuary for wild and exotic animals such as
giraffes, zebras, and wildebeests.  Lionheart entered into a December 2, 2005
oil and gas lease with First Source, which assigned the lease to Chesapeake
Exploration.  Under the lease, Lionheart was paid $975,000 and the lessee
obtained the right to explore for, develop, and produce oil and gas.  The lease
provided for a $100,000 penalty if a test well were not drilled in the first
year of the lease.

            PGS Onshore, Inc. was hired to conduct
3-D seismic surveying and testing in a 300-square-mile area that included
Castlemane.  Disputes arose between PGS and Lionheart, in part over PGS’s
tree-cutting and planned seismic-hole drilling.  On July 7, 2006, PGS sued
Lionheart and sought a temporary restraining order and temporary and permanent
injunctions.  PGS later asserted a declaratory judgment cause of action against
Lionheart and requested the trial court to declare the parties’ rights under
the lease.  On July 21, the trial court issued a temporary restraining order
that enjoined Lionheart from interfering with PGS’s right to enter and perform 3-D
seismic testing and from harassing PGS’s employees while they were on
Lionheart’s land.  Lionheart counterclaimed against PGS for negligence and
fraud and also sought injunctive relief.

The trial court found that PGS would probably
prevail at trial and entered a temporary injunction that enjoined Lionheart
from interfering with PGS’s right to enter and perform 3-D seismic testing and
from harassing PGS’s employees while they were on Lionheart’s land.  The trial
court did order PGS to follow the terms of the lease, but it otherwise denied
Lionheart’s request for injunctive relief.  This appeal followed.

Lionheart’s first issue asserts that the trial
court abused its discretion in granting PGS’s request for a temporary
injunction because PGS failed to establish (1) any interference by Lionheart
with PGS’s operations and (2) irreparable harm.  Based on the following evidence,
we find that the trial court did not abuse its discretion in granting PGS the
temporary injunction:

·       
Lionheart refused to sign a
permit to allow PGS on Castlemane.

 

·       
A lock had been changed on a
gate that PGS had previously used and PGS was unable to access Castlemane.

 

·       
Michael Brown, Lionheart’s
owner, said he was going to do his best to protect the animals and their
habitat.

 

PGS offered the following evidence on irreparable
harm:

 

·       
The seismic survey had to be
shot in a fluid and flowing manner and that denial of access to Castlemane
would interrupt the seismic operation.

 

·       
If there is an interruption in
the seismic shooting schedules, PGS will be irreparably harmed because of the
damage to its reputation in the oil and gas industry.

 

For purposes of injunctive relief, no adequate
remedy at law exists if damages are incapable of calculation, and an injured
reputation cannot be readily restored with money.  AIG Risk Mgmt., Inc. v.
Motel 6 Operating, L.P., 960 S.W.2d 301, 309 (Tex. App.—Corpus Christi 1997,
no pet.).  Additionally, because loss of business reputation damages are not
recoverable damages for breach of contract, the damages PGS may suffer during
this suit’s pendency are different from any damages PGS may recover on its
claim to enforce the lease.  See UMLIC VP LLC v. T & M Sales &
Environmental Sys’s., Inc., 176 S.W.3d 595, 614 (Tex. App.—Corpus Christi
2005, pet. denied).

The trial court’s temporary injunction, which we
find to be sufficiently specific, effectively preserves the status quo under
the lease; it provides for PGS to access the property for oil and gas
exploration (seismic surveying and testing), and it requires PGS to comply with
the lease’s terms.  The trial court did not abuse its discretion.  We overrule
Lionheart’s first issue.

In its second issue, Lionheart asserts that the
trial court abused its discretion in denying Lionheart’s request for a
temporary injunction, asserting that Lionheart established (1) breaches of the
lease regarding its “no drilling” area to include planned seismic holes and the
cutting of trees in excess of two inches in diameter, and (2) imminent and
irreparable harm from those breaches.

The lease included a 650-acre “no drilling” area
that Brown had negotiated with First Source.  The parties offered conflicting evidence
on whether the “no drilling” provision included the drilling of seismic holes,
or whether that provision was limited to drilling oil or gas wells for
production.  The lease prohibited the cutting of standing timber and trees that
were in excess of two inches in diameter without Lionheart’s consent, which
could not unreasonably be withheld.  A survey crew cut down approximately
fifteen yaupon holly bushes or trees (some of which appeared to be greater than
two inches in diameter) for surveying purposes, and there was conflicting
evidence on whether they were bushes or trees.  Based on this conflicting
evidence, the trial court did not abuse its discretion in failing to find that
Lionheart probably would prevail on the merits.

The trial court also did not abuse its discretion
in failing to find that Lionheart would suffer imminent and irreparable harm. 
There was evidence that PGS was required by law to plug and fill in any seismic
holes and that if the holes were properly plugged and filled in, they would not
pose a threat to the animals.  And with regard to the fifteen of the ranch’s
one thousand or so yaupon bushes or trees that were cut down, Lionheart can be
monetarily compensated should it prevail at the trial on the merits.  See Withrow
v. Armstrong, 2006 WL 3317714, at *3-4 (Tex. App.—Waco Nov. 16, 2006, pet. denied) (mem. op.) (affirming damages award for poisoned
cypress tree).  Therefore, the trial court did not abuse its
discretion in failing to find that Lionheart would suffer imminent and
irreparable harm.  We thus overrule Lionheart’s second issue.

 

 

 

The trial court’s order granting a temporary
injunction and its denial of Lionheart’s request for a temporary injunction are
affirmed.

 

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

            Justice
Vance, 

Justice Reyna 

Affirmed

Opinion
delivered and filed June 13, 2007

[CV06]